## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM J. KUTILEK, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 07-2121-CM |
| ) | No. 05-20019-01-CM |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### MEMORANDUM AND ORDER

On February 4, 2005, a federal grand jury indicted petitioner, William Kutilek, on two counts. Count One charged petitioner with knowingly and intentionally manufacturing with the intent to distribute 100 or more marijuana plants, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count Two charged petitioner with knowingly and intentionally possessing with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(D), and 18 U.S.C. § 2.

Petitioner entered into a plea agreement with the United States on August 1, 2005. Petitioner pleaded guilty to Count One of the Indictment. The plea agreement contains a waiver of appeal and collateral attack.

On October 17, 2005, the court sentenced petitioner to 60 months imprisonment in accordance with the statutory minimum sentence. The guideline range for imprisonment, as presented in the presentence investigation report, was between 18 to 24 months, based on a total offense level of 18, which was reduced to a level 15 in accordance with the plea agreement, and a criminal history category of I. Because of the statutorily-imposed mandatory minimum sentence, the

guideline range became 60 months pursuant to United States Sentencing Guideline § 5G1.1B. Petitioner appealed, and the Tenth Circuit dismissed the appeal after the government moved to enforce the plea agreement's waiver of the right to appeal.

Petitioner then filed a *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (Doc. 34). Petitioner claims that he was denied effective assistance of counsel because: (1) the plea was unlawfully induced, unknowing, and involuntary; (2) the conviction was obtained without full knowledge of the consequences; (3) the petitioner did not receive a three-level reduction for acceptance of responsibility at sentencing; (4) the drug quantity determined to be attributable to the petitioner was incorrect; and (5) the indictment was defective. The government now asks this court to enforce the plea agreement based on petitioner's waiver of his right to collaterally attack any matter in connection with his prosecution and sentence. For the following reasons, the court enforces the plea agreement and denies petitioner's motion.

**I.     Plea Agreement**

A court will hold a petitioner to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the petitioner knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

**A.     Scope of Waiver**

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957-58 (10th Cir. 2004). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343. Petitioner's plea agreement (Doc. 34), at paragraph 11, states:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise modify or change his sentence or manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

At paragraph 6, the plea agreement states:

> The defendant understands that the sentence to be imposed will be solely determined by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

Additionally, the plea agreement states at paragraph 1:

> The defendant understands that the maximum sentence which may be imposed as to Count 1 of the indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 40 years of imprisonment.

The above-quoted sections illustrate that petitioner lost his right to appeal any sentence within the guideline range or to challenge his sentence in any collateral attack, including a motion brought under 28 U.S.C. § 2255. The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). Petitioner had knowledge of the potential sentence and knew that he would be sentenced at the discretion of the court. The plea agreement

clearly states that petitioner recognizes that the maximum sentence contains a mandatory minimum of "not less than five years." Petitioner's claim cannot overcome a reading of the plain language of the plea agreement. Even using a narrow construction of the scope of the waiver, *see Hahn*, 359 F.3d at 1325, petitioner's motion falls within the scope of the waiver.

**B.   Knowing and Voluntary**

In determining whether a petitioner's waiver was knowing and voluntary, the court looks to the specific language of the plea agreement and the court's Rule 11 colloquy with the petitioner. *See Hahn*, 359 F.3d at 1325. Petitioner's plea agreement expressly states that petitioner discussed the agreement with counsel, he knowingly and voluntarily entered into the agreement, and he understood the consequences of the agreement.

Relying on the record, the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that petitioner voluntarily and knowingly entered a plea. Nothing in the record suggests that petitioner's plea or waiver was unknowing or involuntary. The court addressed petitioner regarding his understanding of the nature and consequences of the plea. During his Rule 11 colloquy, petitioner responded that his entry of the plea was voluntary and he understood all consequences of the plea agreement. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the court finds that petitioner knowingly and voluntarily entered his plea.

**C.   Miscarriage of Justice**

Enforcing a waiver of appellate rights results in a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the petitioner received ineffective assistance of counsel with respect to negotiation of the plea agreement; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens

-4-

the fairness, integrity, or public reputation of judicial proceeding.  *Hahn*, 359 F.3d at 1327.

Petitioner bears the burden of demonstrating that a waiver results in the miscarriage of justice.

*United States v. Weeden*, Nos. 05-40042-01-JAR, 06-3064-JAR, 2007 WL 121405, at *3 (D. Kan. Jan. 11, 2007).

The court finds no specific reason why enforcement of the waiver would result in a miscarriage of justice.  The court did not consider any impermissible factors in determining petitioner's sentence, and the sentence is within the statutory range.  Petitioner alleges ineffective assistance of counsel in connection with the negotiation of the waiver; however, as discussed below, petitioner fails to meet the burden of proving this claim.  Because petitioner's claim does not qualify as an exception to the waiver and enforcement of the waiver does not constitute a miscarriage of justice, the court denies petitioner's motion.

**II.      Ineffective Assistance of Counsel**

Petitioner raises his ineffective assistance of counsel claim based on factors relating to his sentencing and his understanding of the plea agreement.  The exception cited in the plea agreement may provide relief from the waiver.  *See United States v. Cockerham*, 237 F.3d 1179, 1185 (10th Cir. 2001).  Petitioners can bring 18 U.S.C. § 2255 motions based on certain ineffective assistance of counsel claims challenging the validity of the plea or waiver if there is a "basis for the claim of ineffective assistance of counsel" that "pertains to the validity of the plea."  *Weeden*, 2007 WL 121405, at *3.

**A.      Legal Standard**

In determining whether a habeas petitioner's counsel acted ineffectively, the court applies the general ineffective assistance of counsel standard identified by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002)

(applying *Strickland*).  Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim.  First, he must demonstrate that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.  The court gives considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Second, a habeas petitioner must show that the attorney's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  Petitioner must show that he would have insisted upon going to trial "but for [his] counsel's errors." *Weeden*, 2007 WL 121405, at *4 (citing *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004)).

**B.     Plea Negotiations**

Petitioner claims that he received ineffective assistance of counsel relating to the calculation of his sentence before he entered his plea.  Specifically, petitioner alleges that at the time petitioner entered into the plea agreement, his counsel knew he could not benefit from the plea agreement.  It is established that a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir.1993).  Petitioner presents no additional evidence as to how or in what way his counsel was ineffective, and petitioner's claims are not supported by the record.  Although petitioner now claims that he grew marijuana for personal use only and that a jury would have believed that it was only for personal use, he agreed in the factual basis for the plea agreement that he cultivated "over one hundred marijuana plants with the intent to distribute them."  The record shows that petitioner entered into the plea agreement with all

-6-

appropriate information regarding his sentencing. The court made it clear to petitioner in his plea colloquy that he could receive a minimum sentence of five years. Petitioner has not shown that "but for the counsel's ineffectiveness" he would have pleaded not-guilty. *United States v. Orr*, Nos. 03-40024-01-JAR, 04-3094-JAR, 2005 WL 731074, at * 4 (D. Kan. Mar. 28, 2005) (internal citations omitted).

The court finds that petitioner's allegations of ineffective assistance of counsel are not of the detailed and specific nature required in order to carry his burden of proof or present controverted issues of fact. The court construes a *pro se* litigant's pleading liberally, but does not relieve him of the burden to allege sufficient facts upon which a legal claim can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Conclusory allegations of ineffective performance are inadequate to support a claim that petitioner was denied adequate counsel. *See Eskridge v. United States*, 443 F.2d 440, 443 (10th Cir. 1971). The court finds that petitioner has failed to establish prejudice or that his counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Petitioner's claim does not result in the level of prejudice required to assert ineffective assistance of counsel.

Because there is no basis for petitioner's claim of ineffective assistance of counsel, his § 2255 motion is barred by the waiver. *See Cockerham*, 237 F.3d at 1187 (requiring that there be a basis for an ineffective assistance claim before it can survive a waiver). His grounds do not fall within any exception entitling him to relief from the agreed-upon waiver of his right to file a § 2255 motion.

**III.    Conclusion**

Based on the above analysis, the plea agreement is lawful, petitioner's claim of ineffective assistance of counsel is unsubstantiated, and, therefore, the terms of the plea agreement should be

enforced.

The record conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1998) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 68) is denied.

**IT IS FURTHER ORDERED** that petitioner's motion to strike the government's request to enforce the plea agreement (Doc. 72) is denied. Petitioner gives no valid basis for striking the government's request. The court has considered petitioner's motion to strike as a responsive pleading to the government's request to enforce the plea agreement.

Dated this 13th day of June 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**